Judge Pro Tem SCHWARTZMAN
also specially concurring.
I write separately to note, admittedly by way of dicta, that I also agree with the district court’s conclusion that Estrada did *192 not announce a watershed rule of criminal procedure.[1]
A new constitutional rule is not applied retroactively unless it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Whorton, 549 U.S. at 417, 127 S.Ct. at 1181, 167 L.Ed.2d at 11 (citations omitted). The exception is extremely narrow and in order to qualify, a rule must meet two requirements. Id. at 417-18, 127 S.Ct. at 1181-82, 167 L.Ed.2d at 11-12. First, the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction. Id. at 418, 127 S.Ct. at 1182, 167 L.Ed.2d at 12. Second, the rule must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding. Id.
In order for a new rule to meet the accuracy requirement at issue here, it is not enough to say that the rule is aimed at improving the accuracy of trial or that the rule is directed toward the enhancement of reliability and accuracy in some sense. Sawyer v. Smith, 497 U.S. 227, 242-43, 110 S.Ct. 2822, 2831-32, 111 L.Ed.2d 193, 211-12 (1990). Instead, the question is whether the new rule remedied an impermissibly large risk of an inaccurate conviction. Whorton, 549 U.S. at 418, 127 S.Ct. at 1181, 167 L.Ed.2d at 12; see also Schriro v. Summerlin, 542 U.S. 348, 352-56, 124 S.Ct. 2519, 2522-25, 159 L.Ed.2d 442, 448-51 (2004). Estrada does not reduce the risk of inaccurate convictions since it applies after a conviction has been procured, nor does it seriously diminish the accuracy of fact finding in sentencing. Likewise, having the advice of counsel to remain silent for all or part of a psychosexual evaluation simply does not alter our understanding of the bedrock procedural elements essential to the fairness of a sentencing proceeding to be classified as watershed. It is my view, therefore, that even if Estrada could be categorized as a new rule, it would not meet either prong of Whorton and therefore would not be entitled to retroactive effect.

. Such dicta might become relevant if Estrada were ever deemed to have announced a new rule of law. See State v. Curless, 137 Idaho 138, 142-145, 44 P.3d 1193, 1197-1200 (Ct.App.2002) (holding that failure to assert Fifth Amendment privilege against self-incrimination during psychosexual evaluation waives protections of privilege and that the evaluation process does not constitute a critical stage for Sixth Amendment purposes).